UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-256 |
| | ) | |
| HSUEH-HSIN CHEN-BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER ON MOTION TO DISMISS COUNTERCLAIM**
**(Doc. 6)**

The United States sued to obtain a monetary judgment against Hsueh-Hsin Chen-Baker

for civil penalties assessed against Ms. Chen-Baker for her failure to report her interest in a

foreign bank account for the years 2010–2013. (Doc. 1.) Ms. Chen-Baker answered the

complaint and filed a counterclaim. (Doc. 4 at 6–10.) The United States now moves to dismiss

Ms. Chen-Baker's counterclaim, arguing that the court lacks jurisdiction over it because she did

not file an administrative claim before filing suit against the United States. For the reasons that

follow, the court grants the United States' motion to dismiss.

**Factual Background**

Ms. Chen-Baker became a permanent resident of the United States in 2006 and

maintained that status during the years 2010–2013. (Doc. 1 ¶ 2.) In January 2009, Ms. Chen-

Baker's father opened an account in her name at the Hong Kong Branch of the Taiwan

Cooperative Bank; she signed the forms required to open the account. (Doc. 1 ¶ 6; Doc. 4 ¶¶ 45–

46.) The account was meant for use by Ms. Chen-Baker's extended family. (Doc. 4 ¶ 47.)

Ms. Chen-Baker did not live in Hong Kong when the account was created or at any time after,

but she had a financial interest in this account during the years 2010, 2011, 2012, and 2013.

(Doc. 1 ¶ 7; Doc. 4 ¶ 48.) She did not receive any account statements and did not know the account's balance, her father never notified her when he was depositing or withdrawing money, and Ms. Chen-Baker never deposited any money into the account. (Doc. 4 ¶ 53.)

United States citizens and residents are required to report any interest in or authority over a financial account in a foreign country with a balance exceeding $10,000. (Doc. 1 ¶ 4 (citing 31 U.S.C. § 5314; 31 C.F.R. § 1010.350(a)); Doc. 4 ¶¶ 55–56.) To fulfill this reporting requirement before 2013, a person had to file form TDF 90-22.1 titled "Report of Foreign Bank and Financial Accounts," which is commonly known as an "FBAR" form. (Doc. 1 ¶ 5.) For the year 2013 and after, a person had to file FinCEN Form 114, which is also called an "FBAR" form. (Doc. 1 ¶ 5.)

Ms. Chen-Baker did not file the required FBAR forms for years 2010, 2011, 2012, or 2013. (Doc. 1 ¶ 11; *see* Doc. 4 ¶ 55.) In April 2015, she learned that she was required to file these forms and engaged counsel to assist her. (Doc. 4 ¶¶ 55–57.) She then filed a preclearance request under the Internal Revenue Service's Offshore Voluntary Disclosure Program to voluntarily report what she believed to be her interest in the Taiwan Cooperative Bank joint account. (Doc. 4 ¶ 57.) In October 2015 she filed her full submission under the IRS's Offshore Voluntary Disclosure Program, including her amended tax returns for years 2012, 2013, and 2014 and her required FBAR forms for years 2009, 2010, 2011, 2012, and 2013. (Doc. 4 ¶ 58.) At that time, she also sent checks to the United States Department of the Treasury for taxes she owed after reporting the interest income of the foreign account, which amounted to $11.00 for tax year 2012, $6.00 for tax year 2013, and $8.00 for tax year 2014. (Doc. 4 ¶ 60.)

Three years later, in September 2018, the Commissioner of the IRS informed Ms. Chen-Baker that the IRS would be assessing penalties for her non-willful failure to file the required

FBAR form for tax years 2010, 2011, 2012 and 2013; the penalty was $10,000 for each year for a total of $40,000. (Doc. 4 ¶ 61; Doc. 6-3 at 4.) In addition, the IRS notified her that it would also be assessing Form 8938 penalties in the amount of $10,000 per year for the same years and Form 3520 penalties for tax years 2010 and 2011 in the amounts of $20,278 and $26,881.[1] (Doc. 4 ¶ 61; Doc. 6-3 at 1–3.) In total, the penalties amounted to $127,159. Ms. Chen-Baker timely protested. (Doc. 4 ¶ 64.) After an appeals conference, the IRS sustained the $40,000 penalty for her failure to file the FBAR forms, the $40,000 for the Form 3520 penalties, and reduced the Form 8938 penalties by 50% to $28,579.50 such that the total assessment was $108,579.50. (Doc. 4 ¶ 64.) In February 2020, Ms. Chen-Baker submitted a qualified offer to the IRS under I.R.C. § 7430(g). (Doc. 4 ¶ 65.) In April 2020, a representative of the Secretary of the Treasury assessed the full amount of the $40,000 penalty for Ms. Chen-Baker's failure to file her FBAR forms.[2] (Doc. 1 ¶ 13.)

In December 2020, Ms. Chen-Baker paid the assessed Form 8938 penalties in the amount of $40,000 plus interest and the Form 3520 penalties in the amount of $28,579.50 plus interest. (Doc. 4 ¶ 68.) She did not, however, pay the assessed $40,000 penalty for her failure to file her required FBAR forms. (Doc. 1 ¶ 13.) The United States now seeks the $40,000 for the FBAR

---

[1] Form 3520 is for reporting transactions with foreign trusts and certain foreign gifts. Form 8938 is an attachment to a taxpayer's standard 1040 form that a taxpayer must file if she holds interest in a specified foreign asset whose aggregate value is over $50,000. (*See* Doc. 6-3 at 1–2.)

[2] The United States claims that, in June 2018 and February 2019, Ms. Chen-Baker consented to extending the period during which the FBAR penalties could be assessed, ultimately extending the deadline to June 30, 2020. (Doc. 1 ¶ 12.) Ms. Chen-Baker denies that she consented. (Doc. 4 ¶ 12.) Because this fact does not alter the court's analysis of its jurisdiction over Ms. Chen-Baker's counterclaim and relates, instead, to the statute of limitations, which is not at issue at this stage, the court will not construe this in favor of either party.

penalties, interest on that amount, and a late payment penalty under 31 U.S.C. § 3717(e)(2) and 31 C.F.R. § 5.5(a). (Doc. 1 ¶¶ 14–15.)

In response to the United States' complaint, Ms. Chen-Baker answered and filed a counterclaim. (Doc. 4.) She seeks a refund of the $40,000 she paid for the Form 8938 penalties and the $28,579.50 she paid for the Form 3520 penalties and she seeks interest on the $68,579.50 that she has already paid.[3] (Doc. 4 ¶¶ 68, 71.[4])

The United States moves to dismiss Ms. Chen-Baker's counterclaim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. 6.) The United States argues that it has sovereign immunity because Ms. Chen-Baker failed to abide by the requirement that she submit an administrative claim for a refund before filing suit. (*See generally* Doc. 6-1.) Ms. Chen-Baker opposes the motion (Doc. 9) and the United States replied (Doc. 10). The court elects to rule on the papers.

## Legal Standard

For purposes of evaluating a motion to dismiss a counterclaim, a court applies the same standards as evaluating a motion to dismiss a complaint. *Zurich Am. Life Ins. Co. v. Nagel*, 571 F. Supp. 3d 168, 175 (S.D.N.Y. 2021).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."

---

[3] Ms. Chen-Baker also asserts that the United States' asserted $40,000 penalty for her failure to file the FBAR forms is improper and asks the court to dismiss this claim. (Doc. 4 ¶ 69; *Id.* at 10.) The court will not consider Ms. Chen-Baker's counterclaim as a motion to dismiss and will not address this argument further here.

[4] Ms. Chen-Baker's counterclaim demands $68,519.50 plus interest (Doc. 4 at 10) but identifies the relevant subtotals as $28,579.50 and $40,000, which add up to $68,579.50 (*Id.* ¶¶ 68, 71). The court assumes the smaller total is a typo and uses the $68,579.50 figure.

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff asserting that a court

has subject matter jurisdiction must prove that jurisdiction exists by a preponderance of the

evidence. *Id.*

A 12(b)(1) attack on a claim may be either facial or factual. *Carter v. HealthPort Techs.,*

*LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016). Here, the United States mounts a factual attack.

(Doc. 6-1 at 6.) In a factual attack, the parties may refer to, and the court may consider, materials

outside of the pleadings to establish the court's jurisdiction. *Carter*, 822 F.3d at 57. Moreover, a

court assessing a factual attack does not assume the allegations in the pleadings are true for

purposes of establishing jurisdiction. *Guadagno v. Wallack Ader Levithan Assocs.*, 932 F. Supp.

94, 95 (S.D.N.Y. 1996), *aff'd*, 125 F.3d 844 (2d Cir. 1997).

## Analysis

"The United States, as sovereign, is immune from suit save as it consents to be sued . . .,

and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the

suit." *Makarova*, 201 F.3d at 113 (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

In addition, sovereign immunity is jurisdictional, meaning a plaintiff must establish that her

claim falls within an applicable waiver of the United States' presumptive sovereign immunity or

the court lacks jurisdiction to adjudicate it. *Id.* This applies to counterclaims as well.

*United States v. Forma*, 42 F.3d 759, 764 (2d Cir. 1994).

As applicable here, the United States has waived sovereign immunity for suits by

taxpayers to recover the amount of taxes, penalties, or other sums alleged to be in excess of what

the taxpayer owed or that the United States collected illegally, wrongfully, or without authority.

28 U.S.C. § 1346(a)(1); *Forma*, 42 F.3d at 763. That waiver, however, is subject to "a range of

restrictions." *Forma*, 42 F.3d at 763.

Relevant to Ms. Chen-Baker's counterclaim, a taxpayer may not sue the United States for the recovery of any tax or penalty "until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." I.R.C. § 7422(a). An administrative claim for a refund of penalties must be made on Form 843. 26 C.F.R. § 301.6402-2(c). A taxpayer may make an administrative claim for a credit or refund within three years of the date she filed her tax return or within two years from the time she paid the tax or penalty, whichever is later. I.R.C. §§ 6511(a), 6671(a). Once a taxpayer files a claim, she must wait to file a lawsuit until either (1) the IRS disallows the claim (and then sue within two years) or (2) six months have passed without the IRS acting. I.R.C. § 6532(a)(1). Finally, a taxpayer must have paid the tax or the penalty for which she seeks a refund before suing for a refund. *Flora v. United States*, 357 U.S. 63, 75 (1958); *Forma*, 42 F.3d at 763.

Here, Ms. Chen-Baker filed her counterclaim against the United States on May 31, 2022. (Doc. 4.) On July 22, 2022, using the appropriate Form 843, she executed and sent requests for refunds of the Form 3520 and Form 8938 penalties that she had already paid. (Doc. 6-5.) Because Ms. Chen-Baker filed her lawsuit for a refund of these penalties *before* filing administrative claims for the refunds, she did not comply with the requirements necessary to fall within the relevant limited waiver of the United States' sovereign immunity. I.R.C. §§ 3562(a), 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008); *see also Special Touch Home Care Servs., Inc. v. United States*, No. 20-CV-3051 (NGG) (TAM), 2022 WL 673660, at *7–8 (E.D.N.Y. Mar. 7, 2022) ("[T]he law does not confer subject matter jurisdiction . . . when the [refund] suit is commenced prior to the filing of valid Forms 843." (quoting *Anuforo v. Comm'r*, No. 05-2156 (JRT/FLN), 2007 WL 2695805, at *3 (D. Minn. Sept. 10,

2007))). Therefore, the United States' presumptive sovereign immunity applies, and this court lacks jurisdiction over Ms. Chen-Baker's counterclaim.

Still, Ms. Chen-Baker asserts that a limited exception applies to excuse her failure to formally file an administrative claim before filing this lawsuit. Under the "informal claim doctrine," the IRS may still consider a taxpayer's imperfect or improperly filed claim submitted within the statute of limitations period so long as it is later perfected by a valid and properly filed claim. *United States v. Kales*, 314 U.S. 186, 194 (1941); *Magnone v. United States*, 733 F. Supp. 613, 618 (S.D.N.Y. 1989). In other words, the "informal claim" doctrine acts to toll the statute of limitations for the time within which a taxpayer must file an administrative claim but does not alter the jurisdictional prerequisites to a lawsuit. *Magnone*, 733 F. Supp. at 618.

Ms. Chen-Baker argues that some of her earlier protest letters coupled with her later formal claims for a refund in July 2022 solves the jurisdictional problem. (Doc. 9 at 6.) But this conflates two different issues. Even if Ms. Chen-Baker did perfect her earlier claim by filing her formal claims in July 2022, it would not solve the jurisdictional issue. *See Special Touch*, 2022 WL 673660, at *8 ("The [informal] letter did not notify the IRS that Plaintiff was requesting a refund; and even if it did, Plaintiff did not perfect its informal claim prior to filing this suit. Thus, the informal claim doctrine does not confer subject matter jurisdiction upon this court."); *see also Clintwood Elkhorn Mining Co.*, 553 U.S. at 4 ("[A] taxpayer must file an administrative claim with the Internal Revenue Service before filing suit against the Government."). Ms. Chen-Baker also did not wait for the IRS to deny that claim or for six months to pass without the IRS taking any action. I.R.C. § 6532(a)(1). Ms. Chen-Baker's argument about the informal claim doctrine goes to whether her administrative claim was timely filed, not whether her counterclaim is barred by sovereign immunity. The court can address the

timeliness of Ms. Chen-Baker's administrative claim at a later point if it becomes relevant.

Therefore, the court rejects this argument.

### Conclusion

For the foregoing reasons, the United States' Motion to Dismiss Plaintiff Hsueh-Hsin Chen-Baker's Counterclaim (Doc. 6.) is GRANTED and Ms. Chen-Baker's Counterclaim is DISMISSED. The dismissal is without prejudice.

Dated this 11th day of January, 2023.

Geoffrey W. Crawford, Judge
United States District Court